*Anthony Franklin* v. *Ann Van Cott et al.* O. L. BARBOUR,

for applicant. This was an application by G. & W. Hastings for the payment of $133, reported as due to them upon a judgment against the mortgagor which was the first lien upon the surplus monies brought into court upon the sale of mortgaged premises. It appeared by the report of the master that Ann Van Cott, one of the defendants, had appeared and filed a claim to the surplus moneys, and that another of the defendants in the suit, had appeared by his guardian *ad litem*. But the master's report did not show that the guardian ad litem of the infant defendant, or the solicitor of Mrs. Van Cott had been summoned to attend upon the reference ; or whether they did or did not attend before him. Nor did the report state the amount of the surplus moneys, or who was entitled to the residue beyond the amount due upon the judgment of the applicants.

THE CHANCELLOR. The master's report is defective in form, as it does not show that Mrs. Van Cott who had appeared and filed her claim, or the guardian ad litem of the infant defendant, attended before him on the reference, or that evi-dence was produced to the master that they had been duly summoned to attend. Both were entitled to notice of the pro-ceedings before the master. And in the case of *Hulbert* v. *McKay*, (8 *Paige's Rep.* 652,) this court decided that in such a case the master's report should state that evidence was pro-duced to him that the parties entitled to notice had been duly summoned, where they did not actually appear before the master upon the reference. Where such parties do appear that fact should be stated in the report. And in such case if they do not consent to the report as made the report must be filed and the usual order entered to confirm it, before an ap-plication can be made to the court for the payment of the mo-ney in conformity to such report.

The report is also defective in substance, if the amount of the surplus money exceeds the amount due upon the judgment of these claimants. The order of reference directs the mas-ter not only to enquire and report as to the amount due to the party obtaining the order of reference, but also as to the lien of any other person upon the surplus monies. The master

therefore should ascertain the whole amount of such surplus monies, by the certificate of the register as otherwise, and if the incumbrance of the party obtaining the reference and entitled to priority is not large enough to exhaust the whole surplus monies the master must go farther and ascertain who is entitled to the residue of such surplus ; so that upon the coming in of the report an order may be made to dispose of the whole surplus fund. Prima facie the mortgagor, or those who are stated in the bill to be his heirs or devisees or grantees, if he is dead or has sold the property, are entitled to the surplus. And if no body attends before the master to produce evidence of a better right, and there is no evidence before him that the person prima facie entitled has parted with his interest, the master should report that the residue of such surplus belongs to the mortgagor or the persons prima facie entitled.

This case must therefore be referred back to the master to review his report and correct it so as to show upon the face thereof that the persons entitled to be summoned to attend the reference, either attended or had due notice by summons to attend ; and also by showing who is entitled to the residue of the surplus beyond the amount due to the applicants upon their judgment. But if any persons other than these judgment creditors appear or have appeared upon the reference so as to entitle them to file exceptions to the report, the report must be confirmed by the entry of the usual order *nisi,* and a certificate of the fact that such order has become absolute must be produced, before an order to pay the amount reported due to these applicants can be obtained. Order accordingly.